FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 2 4 2020

JAMES W. McCORMACK, CLERK

By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JERIESHA MITCHELL, Individually and on
Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                                                    No. 4:20-cv-*88-LPR*

**SHARKS OF ROOSEVELT & BROADWAY, INC.,**                          **DEFENDANTS**
**and KHALID HOURANI**

This case assigned to District Judge *Rudofsky*
and to Magistrate Judge *Kearney*

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Jeriesha Mitchell ("Plaintiff"), individually and on behalf of

all others similarly situated, by and through her attorneys Daniel Ford and Josh Sanford

of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against

Defendants Sharks of Roosevelt & Broadway Inc, and Khalid Hourani (collectively

"Defendants"), she does hereby state and allege as follows:

## I.  PRELIMINARY STATEMENTS

1.      Plaintiff, individually and on behalf of all others similarly situated, brings this

action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the

Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for

declaratory judgment, monetary damages, liquidated damages, prejudgment interest and

costs, including a reasonable attorney's fee as a result of Defendants' failure to pay

Plaintiff and other hourly-paid cashiers a minimum wage for all hours worked and proper

overtime compensation for hours worked in excess of forty (40) hours per week.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6.      Defendants do business in this district and a substantial part of the events alleged herein occurred in this District.

7.      The witnesses to the minimum wage and overtime violations alleged in this Complaint reside in this District.

8.      On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.      THE PARTIES

9.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff is a citizen and resident of Pulaski County.

11. Plaintiff worked for Defendants as a cashier from around November 2019 until January of 2020.

12. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

13. Defendant Sharks of Roosevelt & Broadway, Inc. ("Sharks of Roosevelt"), is a for-profit corporation operating as a restaurant in Little Rock under the name Sharks Fish and Chicken.

14. Sharks of Roosevelt's principal place of business 500 West Roosevelt Road, Little Rock, Arkansas 72206.

15. Sharks of Roosevelt's registered agent for service of process is Khalid Houlani, 8824 Geyer Springs Road Suite 15, Little Rock, Arkansas 72209.

16. Separate Defendant Khalid Hourani ("Hourani") is an individual and domiciliary of the State of Arkansas.

17. Hourani is the owner, principal, officer and/or director of Sharks of Roosevelt.

18. Hourani manages and controls the day-to-day operations of Sharks of Roosevelt, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

19. During each of the three (3) years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling

or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

20.     Defendants were at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the proposed classes, and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

21.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person

23.     Defendants acted jointly as the employer of Plaintiff and the proposed collective and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

## IV.     FACTUAL ALLEGATIONS

24.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

25.     At all relevant times herein, Defendants were the "employer" of Plaintiff within the meaning of all applicable federal statutes and implementing regulations, including the FLSA and AMWA.

26.     At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of all applicable federal statutes and implementing regulations, including the FLSA and AMWA.

27.     Further, Defendants classified Plaintiff and other cashiers as hourly employees, nonexempt under the FLSA and the AMWA, and paid them an hourly rate.

28.     During the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as a cashier.

29.     Defendants directly hired Plaintiff and other cashiers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30.     Plaintiff and other cashiers managed cash and sales transactions for Defendants' customers.

31.     Plaintiff and other cashiers regularly worked in excess of forty (40) hours per week.

32.     Plaintiff and other cashiers worked hours in excess of forty (40) hours per week with the knowledge of and at the direction of Defendants.

33.     It was Defendants' commonly applied practice to not pay Plaintiff and other cashiers a proper overtime rate for all of the hours worked over forty (40) in a given week.

34.     Defendants did not pay Plaintiff or other cashiers one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week. As a standard practice, Defendants paid Plaintiff and other cashiers their regular hourly rate for all hours worked in excess of forty (40) in a week.

35.    Plaintiff and other cashiers were and are entitled to overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

36.    Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other cashiers violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

52.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

53.    Plaintiff brings her claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54.    Plaintiff brings her FLSA claim on behalf of all hourly cashiers employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    A lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B.    Liquidated damages; and

C.    Attorneys' fees and costs.

55.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

56.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.     They were paid hourly or were supposed to be paid hourly;

C.     They performed substantially similar job duties; and

D.     They were subject to Defendants' common practice of denying an overtime premium for hours worked over forty (40) per work week.

57.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds fifty (50) persons.

58.     Defendants can readily identify the members of the Section 16(b) Collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VII.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

83.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

84.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

85.     Defendants failed to pay Plaintiff one and one-half (1.5) times her regular rate for all hours worked over forty (40) hours per week, despite her entitlement thereto.

86.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

87.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks unpaid overtime wages, liquidated damages, pre-judgment interest and costs, including reasonable attorney's fees as provided by the FLSA.

88.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

89.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

90.     Plaintiff asserts this claim on behalf of all hourly cashiers employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid minimum wages for all the hours worked up to forty (40) each week and unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

91.     Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

92.     29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times

the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

93.     Defendants failed to pay Plaintiff and those similarly situated one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

94.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid cashiers within the past three years.**

95.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

96.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest and costs, including reasonable attorney's fees as provided by the FLSA.

97.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

98.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

99.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated § 11-4-201, *et seq.*

100.   At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

101.   Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

102.   Defendants failed to pay Plaintiff all overtime wages for hours worked over forty (40) in a given week as required under the AMWA, despite her entitlement thereto.

103.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

104.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

105.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## XI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeriesha Mitchell, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

A.   That each Defendant be summoned to appear and answer herein;

B.     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*

C.     A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

D.     Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E.     Judgment for damages for all unpaid regular wages and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

F.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiff and those similarly situated during the applicable statutory period;

G.     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

H.     An order directing Defendants to pay Plaintiff and those similarly situated prejudgment interest, reasonable attorney's fees, and all costs connected with this action; and

I.     Such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**JERIESHA MITCHELL, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040


Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com


Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JERIESHA MITCHELL, Individually and on**                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                    No. 4:20-cv-_88-LPR_

**SHARKS OF ROOSEVELT & BROADWAY, INC.,**              **DEFENDANTS**
**and KHALID HOURANI**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for Sharks of Roosevelt & Broadway, Inc., and Khalid Hourani within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_Jeriesha Mitchell_
**JERIESHA MITCHELL**
**January 24, 2020**

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**